IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lidia Maritza Alvarado De-Duran, | No. CV-26-02296-PHX-MJM (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Pamela Bondi, et al., | |
| Respondents.[1] | |

Petitioner filed this action challenging her immigration detention. (Doc. 1.) Petitioner alleged Respondents detained Petitioner while she was reporting for an ICE check-in. She further argued the Immigration Judge denied her request for bond, indicating Petitioner is subject to mandatory detention as an "applicant for admission" despite being present in the United States for over ten years. (*Id.* at 5.)

The Court issued an Order to Show Cause directing Respondents to address whether Petitioner's Order of Supervision was properly revoked and to "show cause why the Petition should not be granted and the Court should not order Petitioner be released or provided a bond hearing." (Doc. 4.) In response to the OSC, Respondents maintain their position that despite entering the United States over ten years ago, Petitioner is nonetheless subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing. (Doc. 7 at 2-3.) Respondents do not otherwise attempt to justify Petitioner's detention,

---

[1] The Court will dismiss John E. Cantu as an improper Respondent, *see Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024), and will substitute Eric Rokosky, Warden of Eloy Detention Center, as Respondent for "Unknown Party." Additionally, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court will substitute Markwayne Mullin as Respondent for Kristi Noem and Todd Blanche as Respondent for Pamela Bondi.

explain how she came to be redetained, or explain why she was not entitled to a pre-deprivation hearing.

The Court finds that Petitioner is not "seeking admission" such that she is subject to detention under § 1225(b)(2)(A). *See Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Further, because Respondents fail to provide any other justification for Petitioner's detention, the Court finds the argument waived. *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").

The Petition will therefore be granted, and Petitioner will be ordered released from custody immediately. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before her detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

///

///

///

///

///

- 2 -

IT IS SO ORDERED.

DATED this 13th day of April, 2026.

_____

Michael J. McShane

United States District Judge