**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Lidia Maritza Alvarado De-Duran,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-02296-PHX-MJM (CDB)

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention. On April 14, 2026, the Court granted the Petition and directed Respondents to immediately release Petitioner from immigration custody under the same conditions that existed prior to her detention. (Doc. 9.) On May 5, 2026, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal from her removal order. On October 8, 2026, Petitioner filed a Notice of Non-Compliance, indicating that she is currently detained. (Doc. 16.)

The Court directed Respondents to respond to the Notice of Non-Compliance. (Doc. 17.) In their response, Respondents state: "Petitioner was released appropriately however she was re-detained on August 19, 2026 because immigration officials determined that her removal order had become final. See I-213, attached as Exhibit A, p. 2." (Doc. 19.)

While a removal order may be administratively final, the removal period under 8 U.S.C. § 1231(a)(1)(B) does not begin until the latest of:

> (1) the date a noncitizen's "order of removal becomes administratively final," (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the court of appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement.

*Avilez v. Garland*, 69 F.4th 525, 531 (9th Cir. 2023) (citations omitted).

Neither the response nor the attached documents (Doc. 19-1) identify the statutory provision under which Respondents assert Petitioner's current detention is authorized. Although the Court recognizes Respondents may revoke release under 8 U.S.C. § 1226(b) and 8 C.F.R. § 236.1(c)(9), those standards require a showing of a material change in circumstances bearing on whether the noncitizen poses a danger to the community or a risk of flight. *See Matter of Sugay*, 17 I&N Dec. 637, 640 (BIA 1981) (explaining that, where a prior bond determination exists, "no change should be made by a District Director absent a change of circumstance," and finding such a change only where the removal order was accompanied by substantial new evidence of flight risk and danger developed at the hearing); *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (applying *Sugay*'s limit); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 968 (N.D. Cal. 2019) (recognizing that DHS re-arrests only after a "material" change in circumstances); *Y.M.M. v. Wamsley*, No. 2:25-cv-02075-TMC, 2025 WL 3101782, at *3 (W.D. Wash. Nov. 6, 2025) (change must be material as to danger or flight risk) (citing *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)).

Here, it appears the only possible changed circumstance is that the BIA dismissed Petitioner's appeal and, when Petitioner was re-detained, a stay of removal was not in effect. Because the Ninth Circuit is now reviewing that decision and has stayed Petitioner's removal, her removal is stayed just as it was while her appeal was pending before the BIA. (*See Alvarado De-Duran v. Blanche*, 9th Cir. No. 26-3493, Dkt. 13.) The Court finds Respondents are not in current compliance with the Court's Order.

**IT IS ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed prior to her detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two (2) business days.

**IT IS FURTHER ORDERED** Respondents and their agents are enjoined, absent a material change in Petitioner's circumstances, from re-detaining Petitioner without seven (7) days' prior written notice and an opportunity for Petitioner to be heard by a neutral judge on the reasons for the re-detention and consideration of bond, at which hearing Respondents must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

IT IS SO ORDERED.

DATED this 15th day of October, 2026.

Michael J. McShane
United States District Judge